*29 Main St. LLC v. U.S. Postal Serv.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of May, two thousand twenty-three.

PRESENT:

> BARRINGTON D. PARKER,
> RICHARD J. SULLIVAN,
> *Circuit Judges*,
> JOHN L. SINATRA, JR.,
> *District Judge*.*

———————————————————————

29 MAIN STREET LLC,

> *Plaintiff-Appellant*,

v.                                                                        No. 22-755

UNITED STATES POSTAL SERVICE,

> *Defendant-Appellee*.†

———————————————————————

* Judge John L. Sinatra, Jr., of the United States District Court for the Western District of New York, sitting by designation.

† The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

**For Plaintiff-Appellant:**  JOHN W. CERRETA , Day Pitney LLP, Hartford, CT (Matthew J. Letten, Day Pitney LLP, Hartford, CT; Stanley A. Twardy, Jr., Day Pitney LLP, Stamford, CT, *on the brief*).

**For Defendant-Appellee:**  JULIE G. TURBERT (Sandra S. Glover, *on the brief*), Assistant United States Attorneys, *for* Vanessa Roberts Avery, United States Attorney for the District of Connecticut, New Haven, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Stefan R. Underhill, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED**.

29 Main Street LLC ("29 Main Street") appeals the district court's grant of summary judgment in favor of the United States Postal Service ("USPS") on USPS's claim that it properly exercised a purchase option for property in New Milford, Connecticut (the "Subject Property") pursuant to a lease executed by the parties in 1969 (the "1969 Main Space Lease"). On appeal, 29 Main Street principally argues that the district court erred in concluding that the terms of the

purchase option in the 1969 Main Space Lease were unambiguous and therefore did not require – or permit – consideration of extrinsic evidence concerning the intent of the parties. 29 Main Street also argues that that the purchase option in the 1969 Main Space Lease was extinguished by a subsequent lease, memorialized in a memorandum, for additional portions of the Subject Property (the "2000 Additional Space Lease" and the "2000 Memorandum"). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We review a district court's grant of summary judgment de novo. *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 253 (2d Cir. 2002). Summary judgment is appropriate only if – after "examin[ing] the evidence in the light most favorable to, and draw[ing] all inferences in favor of, the non-movant" – "there is no genuine issue as to any material fact." *Id.* (internal quotation marks omitted).

The existence of ambiguity in a contract is a question of law that we also review de novo. *Tourangeau v. Uniroyal, Inc.*, 101 F.3d 300, 306 (2d Cir. 1996). When construing the leases at issue, "we must first consider whether the relevant provisions [a]re . . . ambiguous." *Kerin v. U.S. Postal Serv.*, 116 F.3d 988, 991 (2d

Cir. 1997).[1]  "A contract is ambiguous if it is susceptible of two different and reasonable interpretations, each of which is found to be consistent with the contract language."  *Cmty. Heating & Plumbing Co. v. Kelso*, 987 F.2d 1575, 1579 (Fed. Cir. 1993) (applying federal common law); *see also Cruz v. Visual Perceptions, LLC*, 311 Conn. 93, 102–03 (2014).  If contract terms are ambiguous, the "weighing of external evidence" is required and "the matter is not amenable to summary resolution."  *Beta Sys., Inc. v. United States*, 838 F.2d 1179, 1182 (Fed. Cir. 1988) (applying federal common law).

We find that the purchase option contained in the 1969 Main Space Lease is ambiguous because "the language of the contract is susceptible to more than one reasonable interpretation."  *Cruz*, 311 Conn. at 103.  The purchase option provides that "the [g]overnment shall have the option to purchase *the fee simple title to the leased premises, including the underlying land*, at [certain] times and prices."  J. App'x at 133 (emphasis added).  Ambiguity surrounds the parties' use of the phrase "leased premises, including the underlying land."  *Id.*

---

[1] "We do this under both federal common law and Connecticut law, which . . . would be the applicable state law."  *Kerin*, 116 F.3d at 990–91.  It remains an open question in this Circuit whether, for contracts involving the USPS, federal common law applies, based on the general rule that federal law governs when the United States is a party to a contract, or whether state contract-law applies.  *Id.*  "[W]e need not resolve the question here," however, "since the application of both federal and state law lead to the same result."  *Id.* at 991 (internal quotation marks omitted).

On the one hand, in its description of the leased premises, the lease contains metes-and-bounds language describing the contours of the entire Subject Property. Naturally then, "fee simple title to the leased premises, including the underlying land" could mean "fee simple title to . . . the underlying land" of the entire Subject Property and the entirety of the structures built on top of that land. Indeed, this is the interpretation the district court adopted. By reading out the "leased[-]premises" qualifier, the district court concluded that "the . . . subject of the sale [was] title to the underlying land and, as a matter of law, the entire building thereon." Sp. App'x at 20.

On the other hand, the 1969 Main Space Lease makes clear that the leased premises did not include all of the Subject Property. While the description of the leased premises started with the metes-and-bounds language, it expressly carved out spaces from the leased premises. Effectively then, the 1969 Main Space Lease covered "approximately 80% of the first floor [and] less than 10% of the basement." Sp. App'x at 5 (internal quotation marks omitted). Thus, it is equally plausible that "fee simple title to the leased premises, including the underlying land" would include only the leased portions of the building and the land underlying those

5

areas – but not the balance of the Subject Property or the land beneath the unleased portions.

It bears noting that the district court itself acknowledged these competing interpretations of the 1969 Main Space Lease's purchase-option provision. *See* Sp. App'x at 19 ("The problem is that the phrase 'the leased premises' risks ambiguity by lending itself to two interpretations."); *id.* at 32 ("I acknowledge that there is some inconsistency on the face of the Fixed Price Option between the partially leased edifice ('the leased premises') and the offer to sell the entire property ('title in fee simple . . [.] to the underlying land')."). Moreover, the very case on which the district court relied to conclude that the provision was unambiguous, *Texas Co. v. Crown Petroleum Corp.*, held that "[o]n the face of the lease" in that case, which contained a purchase option for demised premises plus metes-and-bounds language, "there was an ambiguity as to just what property was intended to be included in the option." 137 Conn. 217, 224 (1950).

As was the case in *Crown Petroleum*, we are persuaded that the 1969 Main Space Lease "is susceptible of two different and reasonable interpretations, each of which is . . . consistent with the contract language." *Cmty. Heating & Plumbing*, 987 F.2d at 1579. Consequently, the district court erred in granting summary

6

judgment to the USPS, since "the matter is not amenable to summary resolution" without the "weighing of external evidence" as to the intended meaning of the 1969 Main Space Lease. *Beta Sys.*, 838 F.2d at 1182.

Turning next to the 2000 Memorandum, however, we agree with the district court that it was unambiguous and did not "extinguish[]" the purchase option in the 1969 Main Space Lease. Sp. App'x at 38–41. The parties executed the 2000 Additional Space Lease to cover areas of the first floor and basement that were not leased under the 1969 Main Space Lease. The accompanying 2000 Memorandum declares that "[t]here are no purchase options available," J. App'x at 221, which, according to 29 Main Street, "conflicts with[] and thus supersedes" "the purchase option in the 1969 Main Space Lease," 29 Main Br. at 28. But nothing about the natural and ordinary meaning of the language from the 2000 Memorandum – which does not even reference the 1969 Main Space Lease and only notes in one instance that the building has two leases – conveys that the parties intended to have the 2000 Memorandum "supersede[]," "modify," or "rescind" the 1969 Main Space Lease. 29 Main Street Br. at 26–27 n.11 (internal quotation marks omitted). We thus agree with the district court that the no-purchase-options language is unambiguous and susceptible to only one reasonable interpretation – that "[t]here

7

are no purchase options" with regard to the property covered by the 2000 Additional Space Lease. *See* J. App'x at 221.

While we agree with the district court's findings with regard to the 2000 Memorandum, we nevertheless hold that, in light of the ambiguity in the 1969 Main Space Lease, the district court erred in granting summary judgment in favor of USPS. Accordingly, we **VACATE** and **REMAND** Plaintiff's claims for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court